BANK OF MANHATTAN TRUST COMPANY, Plaintiff, *v.* SILRAP CONSTRUCTION COMPANY, INC., and Others, Defendants.

Supreme Court, Kings County, September 8, 1932.

*O'Brien, Boardman, Conboy, Memhard & Early,* for the plaintiff.

*William L. Carns,* for the petitioner Woodford.

*Rabenold & Scribner,* for the defendant Commonwealth Bond Corporation.

CUFF, J. This group represents a substantial interest. They seem to have no confidence in Commonwealth Bond Corporation which sold the participation certificates to the public. It is charged, and not denied, that the foreclosure has been commenced at the request of the Commonwealth Bond Corporation. The latter, because of its position, has possession of the names and addresses of the holders of the bonds. It has communicated with them and obtained authority to act for many more than a majority in number and amount of the bondholders. Its plan of reorganization, however, is attacked by the petitioning group. They even charge deceit. Their contentions and objections may be sound, although I am making no decision in that respect.

The petitioners have no means of pointing out to those situated similarly with themselves wherein they consider that the plan of the Commonwealth Bond Corporation is not for the best interests of all. As in a number of these reorganizations following one failure, the uninitiated receive communications only from those in control. Hearing from no one else, and being uninformed on the subject, they conclude that they must participate in the reorganizing scheme or they will forfeit their investments.

In the case at bar the petitioning group have some definite ideas. Perhaps their plan is the better one. While I would not hold every individual bondholder should have the right to intervene, certainly a substantial group criticizing the reorganization plan as submitted by those who promoted the company, and projecting a definite plan of their own, should be furnished with some means by which they may get their criticisms and plans to all the bondholders. If the Commonwealth Bond Corporation reorganization scheme is a good plan, it will survive the criticisms. At least the bondholders should be put in that position whereby they may hear from those ready to attack the Commonwealth Bond Corporation suggestions. For these reasons the petitioners will be granted leave to intervene.

Plaintiff's motion to add Commonwealth Bond Corporation in its representative capacity as a party defendant is a proper application, because the charge is made that Commonwealth is taking steps affecting the bondholders' interests as a corporate entity, and not as a representative of the bondholders. That motion will also be granted.